**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted July 18, 2016[*]

Decided July 28, 2016

### Before

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

| | |
|---|---|
| No. 15-3161 | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| *v.* | No. 1:93-cr-00148-LJM-KPF |
| WILLIE J. HILL, *Defendant-Appellant.* | Larry J. McKinney, *Judge.* |

### Order

Willie Hill is serving a term of 500 months' imprisonment, imposed more than 20 years ago, for distributing substantial quantities of both crack and powder cocaine. See *United States v. Duff*, 76 F.3d 122 (7th Cir. 1996).

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

The Sentencing Commission has several times reduced the Guideline range for crack-cocaine convictions and made those reductions retroactive, but these changes did not affect persons such as Hill who distributed powder cocaine. The most recent set of retroactive reductions, however, is a two-level decrease for most drug offenses. See Amendment 782 (adopted November 2014). Hill asked the district court to cut his sentence under Amendment 782. The court declined, however, observing that although Amendment 782 changes Hill's offense level it does not affect his recommended Guideline range—and under 18 U.S.C. §3582(c)(2) only a defendant whose "sentencing range" has been reduced may benefit from a retroactive amendment.

When sentencing Hill, the district court calculated his offense level as 42. The court started with 38 based on the quantity of drugs distributed and added 2 for use of firearms and 2 more for Hill's managerial role in the enterprise. When combined with his criminal history category of V, this produced a sentencing range of 360 months to life. Recalculated under Amendment 782, and giving Hill credit for other changes made before Amendment 782, his offense level is now 38, made up of 34 for drug quantity, 2 for firearms, and 2 for his managerial role. The recommended range today for someone with an offense level of 38 and a criminal history of V remains 360 months to life. Because Hill's sentencing range has not decreased—even though his offense level is down by 4—§3582(c)(2) does not permit the district court to reduce his sentence.

Hill maintains that he should have been held accountable for only 1.5 kilograms of crack and 1.5 kilograms of powder cocaine, and that changing his relevant conduct in this fashion would substantially cut his sentencing range. But §3582(c)(2) does not authorize full resentencing. *Dillon v. United States*, 560 U.S. 817 (2010). It requires the district court to make modifications specified by the retroactive change while taking other calculations as given. *United States v. Wren*, 706 F.3d 861 (7th Cir. 2013); U.S.S.G. §1B1.10(b)(1) & Application Note 2. Under that approach, Hill's sentencing range remains 360 months to life, and his request for a lower sentence was properly denied.

AFFIRMED